IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              2:25-cr-179-JMC; 2:25-cr-361-JMC

DANIEL APOLINAR GOMEZ-BARRIOS,

    Defendant.

## ORDER DISMISSING DEFENDANT'S MOTION FOR SENTENCE MODIFICATION FOR LACK OF SUBJECT-MATTER JURISDICTION

Defendant Daniel Apolinar Gomez-Barrios filed a pro se motion for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2) and under Amendments 821 and 825. In that motion, Defendant argues that the United States Sentencing Commission modified Guideline § 4A1.1(e) by striking a two-point assessment.[1] The government responded. In evaluating this motion, the Court liberally construes Defendant's pro se filing, but does not act as his advocate. United States v. Griffith, 928 F.3d 855, 864 n.1 (10th Cir. 2019) (citing Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)).

Law enforcement arrested Defendant in October 2024 and Defendant subsequently pleaded guilty to an information to reentry of a removed alien. The government offered Defendant a fast-track plea, which he refused. Defendant proceeded without a plea agreement. Defendant's total offense level was 13. Defendant had seven criminal history points based on his criminal convictions. Pursuant to the November 1, 2023 Amendments to the Guidelines, Defendant received an additional criminal history point pursuant to Guideline § 4A1.1(e) because his total

---

[1] Defendant moved under § 4A1.1(d) but cited the language of § 4A1.1(e). The Court construes the motion liberally.

1

criminal history was greater than 7 points and he committed the instant offense while under criminal justice sentence. That gave him 8 criminal history points and a criminal history category of IV. Thus, his advisory guideline range was 24 to 30 months' imprisonment. The Court sentenced Defendant to 24 months' imprisonment and 2 years of supervised release in 2:25-cr-179. At his sentencing hearing, Defendant admitted to violated his supervised release as alleged in the petition in 2:25-cr-361. The Court sentenced Defendant to 8 months' imprisonment to run consecutively with Defendant's sentence in 2:25-cr-179 for a total of 32 months' imprisonment.[2]

Section 3582(c)(2) provides that a court may not modify a previously imposed sentence except "in a case a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." Here, the Court did not sentence Defendant based on a sentencing range that the Sentencing Commission subsequently lowered.[3] When the Court sentenced Defendant, the Sentencing Commission had already modified § 4A1.1(e) and the Presentence Report and Court's sentence took that into account.[4]

Even so, the United States Court of Appeals for the Tenth Circuit has held that in a situation such as this, the district court lacks subject-matter jurisdiction over the defendant's motion and the Court must dismiss the motion. United States v. C.D., 848 F.3d 1286, 1289 (10th Cir. 2017). The Tenth Circuit acknowledged that recent Supreme Court cases caution courts not to label a statutory

---

[2] Defendant filed his motion in 2:25-cr-361. Again, construing the motion liberally, the Court assumes Defendant requests Amendment 821 and Amendment 825 in 2:25-cr-179.

[3] Amendment 821 (Part A) amended the status point provision in § 4A1.1(e) from assessing two criminal history points to one criminal history point. Amendment 825 is a policy change that made Amendment 821 retroactive.

[4] Defendant references Guideline § 4C1.1 but that Guideline applies to certain zero-point offenders. Defendant is not a zero-point offender.

limitation as jurisdictional absent a clear Congressional directive but clearly stated it was bound by prior precedent and that a district court lacks subject-matter jurisdiction over the motion. Id. at 1289 n.2. This Court too concludes, based on C.D. that it lacks jurisdiction over Defendant's motion. So, the Court DISMISSES the motion without prejudice.[5] Defendant also requests an attorney to represent him under the Criminal Justice Act. Given that we lack subject-matter jurisdiction over this motion, the Court declines to appoint Defendant counsel.

    IT IS SO ORDERED.

    Entered for the Court
this the 16th day of September, 2025

/s/ Joel M. Carson III
Joel M. Carson III
United States Circuit Judge
Sitting by Designation

---

[5] Alternatively, if the Court has subject-matter jurisdiction, Defendant's position would be without merit because the Court sentenced him after the Sentencing Commission amended Guideline § 4A1.1(e). At sentencing, the Court did not assess two points under § 4A1.1(e). Rather, the Court applied the new Guideline and assessed only one additional point under § 4A1.1(e). Defendant is not entitled to retroactive relief pursuant to § 3582(c)(2) because the Court sentenced him *after* Amendment 821 went into effect and Defendant received the appropriate adjustment under the amendments.